UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERICK M. BROWN,<br><br>    Petitioner,<br><br>v.<br><br>THE STATE OF NEVADA, *et al.*,<br><br>    Respondents. | Case No. 2:25-cv-01217-GMN-DJA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)** |

    This action was initiated, *pro se*, on July 3, 2025, by Erick M. Brown, an individual incarcerated at Nevada's Southern Desert Correctional Center. On that date, Brown filed an Application to Proceed *in Forma Pauperis* and a "Writ of Course." ECF Nos. 1, 1-1. On July 9, Brown filed a "Motion to Disqualify or Recuse." ECF No. 3. And on July 10, Brown filed a document entitled "Lack of Subject Matter Jurisdiction in Support of Complaint," which includes a "Motion to Submit Documents." ECF No. 4.

    In an Order entered on July 16, 2025, the Court determined that Brown was able to pay the filing fee for this action and denied his *in forma pauperis* application. ECF No. 5 at 2. The Court went on to screen Brown's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, found his claims to be palpably incredible, patently frivolous, and false, and summarily dismissed this action. *Id*. at 2–3. The Court denied Brown's motions. *Id*. at 3. The judgment was entered that same day. ECF No. 6. Brown filed a notice of appeal on July 23, 2025. ECF No. 7.

    On July 24, 2025, Brown filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), the Court may relieve a party from a final Judgment or Order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

1

(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Brown's arguments for relief under Rule 60(b) are without merit. Brown does not demonstrate any reason for this Court to grant relief from the judgment dismissing this action.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) is **DENIED**. Petitioner is denied a certificate of appealability with respect to this Order.

DATED THIS 25 day of July, 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE